IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| John C. Carrington, | ) |
|            Plaintiff, | ) ) Civil Action No.: 5:12-cv-01060-JMC |
| v. | ) ) **OPINION AND ORDER** |
| Indy Mac Mortgage Services, and One West Bank, | ) ) ) |
|            Defendants. | ) ) |

This matter is before the court on Defendants Indy Mac Mortgage Services and One West Bank's ("Defendants") Motion to Dismiss [Dkt. No. 13] Plaintiff John C. Carrington's ("Plaintiff") Complaint [Dkt. No. 1]. For the reasons discussed below, the court grants the motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed this action against Defendants alleging violations of the Fair Debt Collection Practices Act (the "FDCPA") and the Real Estate Settlement and Procedures Act ("RESPA") arising from Defendants' handling of Plaintiff's escrow account associated with a mortgage serviced by Indy Mac Mortgage Services, a division of One West Bank.[1] Plaintiff alleges that Defendants collected escrow funds, but failed and/or refused to apply the funds to the payment of property taxes. Plaintiff further alleges that he was required to utilize other personal funds to pay the property taxes and redeem the property from a tax sale. Plaintiff additionally complains that Defendants' actions in failing to meet their obligations under FDCPA and

---

[1] Plaintiff has sued Defendants individually. However, Defendants assert that Indy Mac Mortgage Services is merely a division of One West Bank, and not a separate entity. Therefore, Defendants should be considered as one in the same. Plaintiff does not dispute Defendants' position on this issue.

1

RESPA caused him to suffer actual damages, including physical injuries manifested through anxiety and other adverse health conditions. Plaintiff seeks monetary relief of actual and statutory damages, attorney's fees, and injunctive relief.

Defendants filed the instant motion seeking to dismiss Plaintiff's Complaint on the ground that it fails to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## STANDARD OF REVIEW

For a complaint to survive a motion to dismiss, the Federal Rules of Civil Procedure require that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8(a) does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555–57 (2007)), in order to "give the defendant fair notice . . . of what the claim is and the grounds upon which it rests," *Twombly,* 550 U.S. at 555 (internal citations omitted). Stated otherwise, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly,* 550 U.S. at 556). A complaint alleging facts which are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

2

Additionally, the Federal Rules of Civil Procedure set forth the appropriate form of pleadings and require a party to present its "claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Furthermore, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence. . . must be stated in a separate count or defense." *Id*. The pleading requirements of Rule 8 and Rule 10 interact cohesively to enable the opposing party and the court to discern the nature of the claims made and the bases therefor. *See Cunningham v. LeGrand*, C.A. No. 2:11-cv-0142, 2011 WL 1807360, at *2 (S.D. W. Va. May 10, 2011) (quoting *Fikes v. City of Daphne*, 79 F.3d 1079, 1082–83 (11th Cir. 1996)).

In evaluating a motion to dismiss, a plaintiff's well-pleaded allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.,* 95 F.3d 325, 327 (4th Cir. 1996). The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *Tellabs v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007). Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

Defendants argue that Plaintiff's Complaint should be dismissed because Plaintiff has failed to make any factual allegations of improper debt collection activities by Defendants.

3

Further, Defendants note that the FDCPA is inapplicable to them because they are not "debt collectors."

"The [FDCPA] prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices" in communicating with consumers during the debt collection process. *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). Under the FDCPA, a "debt collector" is defined as:

> any person who uses any instrumentality or interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). However, "creditors, mortgagors, and mortgage servicing companies are not debt collectors" subject to liability under the FDCPA. *Scott v. Wells Fargo Home Mortg.*, 326 F. Supp. 2d 709, 718 (E.D. Va. 2003); *accord Brown v. Wachovia Bank*, NO. 8:10-CV-1816-HMH-JDA 2011 WL 5024297, at *3 (D.S.C. Sep 30, 2011) (explaining that creditors are not "debt collectors" if they are in the business of lending money and are collecting their own debts).

RESPA reformed the real estate settlement process to provide consumers "with greater and more timely information on the nature and costs of the settlement process and [protect them] from unnecessarily high settlement charges caused by certain abusive practices. . ." in real estate loan services. 12 U.S.C. § 2601(a). In the administration of escrow accounts, RESPA provides:

> If the terms of any federally related mortgage loan require the borrower to make payments to the servicer of the loan for deposit into an escrow account for the purpose of assuring payment of taxes, insurance premiums, and other charges with respect to the property, the servicer shall make payments from the escrow account for such taxes, insurance premiums, and other charges in a timely manner as such payments become due.

4

12 U.S.C.A. § 2605(g). A "federally related mortgage loan," is specifically defined in RESPA. *See* 12 U.S.C. § 2602.

In the Complaint, Plaintiff attempts to set forth claims for violations of both FDCPA and RESPA. However, the court finds that Plaintiff has failed to set forth a cause of action under FDCPA which is plausible on its face because Plaintiff describes Defendants as the mortgage servicer, lender, and debt collector. Without further factual allegations to support either categorization, this court cannot determine whether FDCPA is even applicable to Defendants as well-established law exempts creditors, such as mortgage servicers and lenders, acting in collection of their own debts from liability under the statute. *See supra, Scott* and *Brown*. Plaintiff's RESPA claim also fails because Plaintiff has not made any allegation in the Complaint that the loan at issue is a "federally related mortgage loan" to which RESPA would apply. The court is further troubled by Plaintiff's disregard for the requirements of Rule 10(b). Because the Complaint is drafted more in the nature of a narrative than the form of pleading required by the Federal Rules of Civil Procedure, the court is unable to decipher clearly which factual allegations support which legal claims. Therefore, Defendants' motion is granted.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Dismiss [Dkt. No. 13]. Plaintiff's Complaint [Dkt. No. 1] is dismissed without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 8, 2012
Greenville, South Carolina

5